# UNITED STATES DISTRICT COURT
## FOR THE Northern District of Illinois – CM/ECF NextGen 1.9 (rev. 1.9)
### Eastern Division

Nicolette Rahner

                Plaintiff,

v.

The Partnerships and Unincorporated Associations
Identified on Schedule A, et al.

                Defendant.

Case No.:
1:26−cv−06678

Honorable John Robert
Blakey

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Wednesday, June 10, 2026:

MINUTE entry before the Honorable John Robert Blakey: Plaintiff seeks to sue 59 separate defendants in this single suit, alleging infringement of multiple copyrighted works, see [1], [2]. Joinder of multiple defendants in a single copyright infringement action remains appropriate only if the claims against the defendants are asserted "with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences," and a common question of law or fact exists as to all defendants. Fed. R. Civ. P. 20(a)(2)(A)−(B). Plaintiff's complaint lumps all defendants together and alleges, in a conclusory manner, that the "Defendant Internet Stores share unique identifiers, such as design elements and similarities of the unauthorized products offered for sale, establishing a logical relationship between them and suggesting that Defendants' illegal operations arise out of the same transaction, occurrence, or series of transactions or occurrences. Defendants' activities, occurring at the same time and in the same retail space and manner as one another, blend together to create a single negative impression on consumers such that they constitute the same occurrence or series of occurrences." [1] 7. The allegations do not suffice to support joinder. Nor do the allegations support the exercise of personal jurisdiction over each defendant. Plaintiff alleges that the "Defendants are reaching out to do business with Illinois residents by operating one or more commercial, interactive internet stores through which Illinois residents can purchase products bearing infringing versions of Plaintiff's copyrighted works. Each of the Defendants has targeted Illinois residents by operating online stores that offer shipping to the United States, including Illinois, accept payment in U.S. dollars and, on information and belief, have sold products bearing infringing versions of Plaintiff's federally registered copyrighted works to residents of Illinois." Id. 2. Although a "defendant's deliberate and continuous exploitation of the market in a forum state, accomplished through its website as well as through other contacts with the state, can be sufficient to establish specific personal jurisdiction," uBID, Inc. v. The GoDaddy Group, Inc., 623 F.3d 421 (7th Cir. 2010), Plaintiff alleges no contacts other than the website and alleges no facts to support an inference that defendants deliberately and continuously exploited the market in Illinois. As the Seventh Circuit cautioned in Advanced Tactical, "if having an interactive website were enough in

situations like this one, there is no limiting principlea plaintiff could sue everywhere. Such a result would violate the principles on which Walden and Daimler rest. Having an 'interactive website' (which hardly rules out anything in 2014 [and less in 2026]) should not open a defendant up to personal jurisdiction in every spot on the planet where that interactive website is accessible. To hold otherwise would offend 'traditional notions of fair play and substantial justice.'" Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc., 751 F.3d 796, 803 (7th Cir. 2014) (quoting Int'l Shoe Co. v. State of Wash., Off. of Unemployment Comp. & Placement, 326 U.S. 310, 316 (1945)). See also Rubik's Brand, Ltd. v. Partnerships & Unincorporated Associations Identified on Schedule A, No. 20–CV–5338, 2021 WL 825668, at *3 (N.D. Ill. Mar. 4, 2021) (holding that screenshot evidence showing that an order could be placed by a consumer located in Illinois "amounts to nothing more than maintaining an interactive website that is accessible in Illinois," and "that alone cannot confer personal jurisdiction."). Plaintiff must have a good faith factual and legal basis to allege that each defendant has in fact shipped infringing products to residents in Illinois, and not just in connection with Plaintiff's test buys. See, e.g., Walden v. Fiore, 571 U.S. 277, 285 (2014) ("the plaintiff cannot be the only link between the defendant and the forum"); Expeditee LLC v. Entities Listed on Exhibit 1, No. 21 C 6440, 2022 WL 1556381, at *4 (N.D. Ill. May 17, 2022) ("Plaintiff claims that, as part of its preliminary investigation, it purchased infringing products from the Moving Defendants that the Moving Defendants shipped to Chicago. Such sales on their own are insufficient for the purposes of personal jurisdiction, for Plaintiff has not identified evidence of any transactions involving an allegedly counterfeit product between the Moving Defendants and Illinois customers, other than the 'test buys.'"). For these reasons, the Court dismisses Plaintiff's complaint [1] without prejudice. If Plaintiff can, consistent with its obligations under Rule 11, amend its complaint to cure the deficiencies noted in this order, it may do so by 7/8/26. If Plaintiff declines to amend, the Court will dismiss this case. Mailed notice. (evw, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.